UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PSALMS CREATIVE, LLC, and ARIEL OVADIA,

Plaintiffs,

-against-

BEACON INVESTMENT HOLDINGS, LLC and
BAKUL NATH,

Defendants.

Case No. 1:25-cv-02135 (JLR)

**OPINION AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

Plaintiffs Psalms Creative, LLC ("Psalms Creative") and Ariel Ovadia ("Ovadia")

(together, "Plaintiffs"), commenced this action in the Supreme Court of the State of New

York, New York County, against Defendants Beacon Investment Holdings LLC ("Beacon

Investment Holdings") and Bakul Nath ("Nath") (together, "Defendants").  Dkt. 1-1.

Defendants removed the action to federal court on March 14, 2025.  Dkt. 1.  Now pending

before the Court is Plaintiffs' motion to remand this action to state court.  Dkt. 7.  For the

reasons set forth below, Plaintiffs' motion to remand is GRANTED.

## BACKGROUND[1]

Psalms Creative is a New York limited liability company with its principal place of

business in New York.  Dkt. 1-1 ("Compl.") ¶ 2, *see also* Dkt. 1 ¶ 7.  Ovadia is the sole

member of Psalms Creative and is a citizen of New York.  Dkt. 1 ¶ 8.  Beacon Investment

Holdings is a Wyoming limited liability company.  Dkt. 1 ¶ 9; *see also* Compl. ¶ 4.  Nath is

---

[1] The facts described herein "derive principally from the complaint, the notice of removal, and
the briefing on the instant motion seeking remand." *Westchester County v. Mylan Pharms.,
Inc.*, 737 F. Supp. 3d 214, 217 (S.D.N.Y. 2024) (quoting *Ohno Enters. v. Allen*, No. 15-cv-
06675 (KAM) (RER), 2016 WL 3512176, at *1 (E.D.N.Y. June 22, 2016)).

the President of Beacon Investment Holdings.  Dkt. 9-1 ("Nath Decl.") ¶ 3.  He is a citizen of

Malta and is a domiciliary of the United Arab Emirates.  Nath Decl. ¶ 2.

Plaintiffs allege that, in or around February 2024, Ovadia and Nath entered into an

agreement whereby Ovadia agreed to "leverage his extensive market knowledge to execute

trades" using Defendants' accounts held at Safra National Bank and EFG International Corp.

Compl. ¶ 8; *see* Compl. ¶ 9.  Under the agreement, Ovadia's company, Psalms Creative, was

entitled to 20 percent of all profits generated through those trades.  Compl. ¶ 10.  Plaintiffs

brought this action in state court for Defendants' alleged failure to pay Plaintiffs profits due

under the parties' agreement, asserting claims for breach of contract, unjust enrichment,

promissory estoppel, account stated, quantum meruit, and declaratory judgment.  Compl. ¶¶ 1,

73-113.

Defendants accepted service of the Summons with Notice on February 28, 2025, Dkt.

1-2 at 1, and timely removed the case to federal court on March 14, 2025, Dkt 1; *see* 28

U.S.C. § 1446(b).  In their notice of removal, Defendants asserted that the Court had diversity

jurisdiction pursuant to 28 U.S.C. § 1332 because "this is a civil action in which the amount in

controversy exceeds the sum of $75,000, exclusive of costs and interest, and complete

diversity exists among the parties."  Dkt. 1 ¶ 6.  Plaintiffs subsequently moved to remand to

state court on March 20, 2025.  Dkt. 7 ("Mot."); Dkt. 7-1 ("Br.").  On March 31, 2025,

Defendants filed their opposition to the motion to remand, Dkt. 9 ("Opp."), and on April 7,

2025, Plaintiffs filed a reply, Dkt. 10 ("Reply").[2]

---

[2] In advance of oral argument on the motion to remand, on April 23, 2025, Plaintiffs sought
jurisdictional discovery regarding the structure of Beacon Investment Holdings and its
member trusts.  Dkt. 15.  Defendants opposed the request for jurisdictional discovery, Dkt. 17,
and reiterated their opposition at the parties' oral argument, stating that they had submitted a
sworn declaration (Dkt. 9-1) that "sets forth all material facts necessary to establish complete
diversity," Dkt. 17 at 1.  The Court will therefore rule based on the record currently presented

## LEGAL STANDARD

"Subject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power." *Windward Bora LLC v. Browne*, 110 F.4th 120, 125 (2d Cir. 2024) (alteration and omission adopted) (quoting *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990)).  "[B]ecause 'federal courts are courts of limited jurisdiction and, as such, lack the power to disregard such limits as have been imposed by the Constitution or Congress,' it is 'well established . . . that federal jurisdiction is not to be extended beyond the scope permitted by a strict construction of the statute upon which it rests.'" *N.Y. Metro. Reg'l Ctr., L.P. v. Mammoet USA Holding, Inc.*, 552 F. Supp. 3d 451, 454 (S.D.N.Y. 2021) (omission in original) (citation omitted) (first quoting *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013); and then quoting *Kresberg v. Int'l Paper Co.*, 149 F.2d 911, 913 (2d Cir. 1945)).  "Any doubts regarding the propriety of removal are resolved in favor of remand, and 'federal courts construe the removal statute narrowly.'" *Anwar v. Fairfield Greenwich Ltd.*, 676 F. Supp. 2d 285, 292 (S.D.N.Y. 2009) (quoting *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)).  "A district court may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 618 (2d Cir. 2019).

Defendants' only proffered basis for subject matter jurisdiction in this case is diversity of citizenship under 28 U.S.C. § 1332.  "[D]iversity jurisdiction is available only when all

---

because Defendants, as the "part[ies] seeking to invoke jurisdiction under 28 U.S.C. § 1332," bear "the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

adverse parties to a litigation are completely diverse in their citizenships." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  Moreover, "[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998) (first citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); and then citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).

## DISCUSSION

### I.    Diversity Jurisdiction

Plaintiffs move to remand on the ground that Defendants have failed to disclose "the citizenship of the trustees or beneficiaries of the trusts associated with Defendant Beacon Investment Holdings LLC, which is necessary to determine its citizenship for purposes of diversity jurisdiction."  Br. ¶ 3.  For the following reasons, the Court agrees that remand is appropriate here.

### A. Legal Standard

For purposes of diversity jurisdiction, a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens.  *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship.*, 213 F.3d 48, 51-52 (2d Cir. 2000) (collecting cases).  Moreover, where, as here, the LLC's members are themselves unincorporated entities (such as limited partnerships or LLCs), the court must examine the citizenship of each of their members or partners in turn.  *See Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *see also Wheels Up Partners LLC v. Exclusive Jets, LLC*, No. 23-cv-08077 (VSB), 2025 WL 950805, at *2 (S.D.N.Y. Mar. 28, 2025) ("The citizenship of the members of an LLC is traced all the way through — that is, when a member

of an LLC is itself an LLC, the citizenship of the members of that LLC are relevant for

diversity purposes, and so on." (citation omitted)).  Therefore, where, as here, an LLC's

member is a trust, the Court must separately analyze the trust's citizenship.

A trust's citizenship in turn depends upon the nature of the trust.  "For 'traditional

trusts,' which 'establish a mere fiduciary relationship and, as such, are incapable of suing or

being sued in their own name,' citizenship is determined by the citizenship of each of the

trust's trustees."  *FD Special Opportunities V, LLC v. Silver Arch Cap. Partners, LLC*, No.

1:21-cv-00797 (JLR) (OTW), 2022 WL 16837967, at *1 (S.D.N.Y. Nov. 9, 2022) (alterations

adopted) (quoting *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 729, 731-32

(2d Cir. 2017)).  "For non-traditional trusts, citizenship is generally based on the citizenship of

all of the trust's members, including its beneficiaries."  *Id.* (citing *Loubier*, 858 F.3d at 729).

## B. Analysis

Defendants' notice of removal asserts that diversity jurisdiction lies under 28 U.S.C.

§ 1332 but does not specify the subsection of section 1332 that Defendants are invoking.  Dkt.

1 ¶ 6.  Given the parties' configurations, the Court assumes Defendants are claiming complete

diversity under 28 U.S.C. § 1332(a)(3).  Section 1332(a)(3) provides for federal diversity

jurisdiction over actions between "citizens of different States and in which citizens or subjects

of a foreign state are additional parties."  28 U.S.C. § 1332(a)(3).

Plaintiff Ovadia is a citizen of New York.  Psalms Creative, whose sole member is

Ovadia, is therefore also a citizen of New York.  *See Handelsman*, 213 F.3d at 51-52.

Defendant Nath is a citizen of Malta and therefore constitutes an "additional part[y]" who is a

"citizen[] . . . of a foreign state."[3]  The question for this Court is whether the Defendants have

---

[3] Plaintiffs separately assert in their opening motion that complete diversity was not
established because the notice of removal alleged only Nath's residency (in the United Arab

adequately established Defendant Beacon Investment Holding's citizenship.  Defendants

argue that Beacon Investment Holding is a citizen of Wyoming and therefore diversity

jurisdiction exists.  Plaintiffs disagree, and assert that Defendants have not established

diversity jurisdiction because they have not sufficiently alleged the citizenship of Beacon

Investment Holding's associated trusts.  For the reasons set forth below, this Court agrees

with Plaintiffs.

Defendant Beacon Investment Holding's citizenship is complicated and requires

significant analysis.  Beacon Investment Holding is an LLC, so its citizenship is determined

by the citizenship of its members.  The sole member of Beacon Investment Holdings is the

Open Eagle Trust, an irrevocable non-grantor discretionary trust settled under and governed

by the laws of the state of Wyoming.  Nath Decl. ¶ 4.  Nath asserts that "[t]he beneficiaries

under the Trust are myself, my spouse, and my two children, all domiciliaries of Dubai,

UAE."  *Id.*  The Open Eagle Trust's trustee is Bundy Management LLC, a Wyoming limited

liability private family trust company.  *Id.* ¶ 5.  The sole member of Bundy Management LLC

is the Bundy Management Purpose Trust, a noncharitable trust created to hold the

membership interest in Bundy Management LLC.  *Id.* ¶ 6.  Bundy Management LLC is also

---

Emirates), not his domicile, for purposes of determining citizenship.  Br. ¶¶ 18-22.  Plaintiffs
are correct that residency alone is insufficient to establish diversity of citizenship under
section 1332, but both parties misconstrue the relevant test for determining the citizenship of a
foreign national.  "[I]n a diversity action between United States citizens of different states
pursuant to 28 U.S.C. § 1332(a)(1), citizenship is equivalent to domicile."  *Symister v. Rossi*,
No. 85-cv-01266 (CSH), 1985 WL 3835, at *2 (S.D.N.Y. Nov. 14, 1985) (citing *Sadat v.
Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980)).  "However, in 'alienage jurisdiction' cases . . .
where the grant of federal jurisdiction is founded on the fear of giving offense to foreign
countries, domicile is irrelevant."  *Id.* (citing *Sadat*, 615 F.2d at 1183).  Rather, "a person is
considered a citizen or subject of a foreign nation if he or she is accorded that status by the
laws or government of that country."  13F Charles Alan Wright & Arthur R. Miller, *Federal
Practice and Procedure* § 3611 (3d ed. Apr. 2025).  Nath's supporting declaration now states
that Nath holds a Maltese passport evidencing his Maltese citizenship, Nath Decl. ¶ 2, and his
counsel confirmed at oral argument that Nath is a citizen of Malta.

the trustee of the Bundy Management Purpose Trust. *Id*. There are therefore two separate

trusts embedded within Beacon Investment Holding's downstream structure: the Open Eagle

Trust and the Bundy Management Purpose Trust.

To determine whether Defendants have adequately pleaded the citizenship of the

embedded trusts, the Court must first determine whether the trusts constitute "traditional

trust[s]" or separate "distinct juridical entities." *Loubier*, 858 F.3d at 729. Turning first to the

Open Eagle Trust, Defendants assert that the Open Eagle Trust is a traditional trust. This

characterization is consistent with the facts alleged. The Open Eagle Trust's beneficiaries are

members of a single family, supporting the inference that the trust was formed for estate-

planning purposes. *See, e.g.*, *Loubier*, 858 F.3d at 722-23, 729 (purpose of traditional trust

was to compensate members of a single family). Moreover, under Wyoming law, a trustee —

not the trust itself — is held responsible for "enforc[ing] claims of the trust" and "defend[ing]

claims against the trust." Wyo. Stat. Ann. § 4-10-811 (West 2025). The Open Eagle Trust

therefore does not appear to resemble a "'separate legal entity' that itself can sue or be sued."

*Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016) (determining that

citizenship of real estate investment trust ("REIT") is determined by its membership because

Maryland law defines a REIT as a "separate legal entity" with capacity to sue or be sued).

Given that the Open Eagle Trust is a traditional trust, the Court must consider the

citizenship of its trustees, not its beneficiaries. *See Loubier*, 858 F.3d at 729, 731.

Defendants confirmed at oral argument that the Court should focus on the citizenship of the

trustees and not the beneficiaries. The trustee of the Open Eagle Trust is itself a limited

liability company — Bundy Management LLC — and the sole member of Bundy

Management LLC is another trust, Bundy Management Purpose Trust. Defendants assert that

the Bundy Management Purpose Trust is likewise a traditional trust that takes its citizenship

from its trustee.  However, Bundy Management Purpose Trust's trustee is also Bundy Management LLC.  This creates an endless loop between Bundy Management LLC and the Bundy Management Purpose Trust: Bundy Management LLC's citizenship depends on the state of citizenship of the Bundy Management Purpose Trust, and vice versa.  This cyclical citizenship loop makes it impossible to determine Bundy Management LLC's state of citizenship, thereby rendering Bundy Management LLC "stateless."  The Court has previously provided a comprehensive analysis of a similar downstream structure where an LLC, whose members were trusts and the trustee of those trusts was the same LLC, created an endless loop, rendering the LLC "stateless" for purposes of diversity jurisdiction.  *See 400 E. 62nd Props., LLC v. Grupo Cinemex, S.A. DE C.V.*, No. 1:20-cv-04917 (JLR), 2025 WL 1224716, at *6 (S.D.N.Y. Apr. 28, 2025) (holding that limited liability company, whose members were four trusts of which it was also the trustee, was "stateless").  Because Bundy Management LLC is stateless, Defendant Beacon Investment Holdings is also stateless, thereby destroying complete diversity.  *See id.* (holding that limited liability company with a stateless member lacks complete diversity under section 1332)*; see also Herrick*, 251 F.3d at 322 (observing that if any member of a partnership is stateless, then complete diversity is destroyed).

Even if the Court were to consider the citizenship of Bundy Management Purpose Trust's beneficiaries, Defendants would run into another problem: under Wyoming state law, Bundy Management Purpose Trust is a noncharitable purpose trust with no ascertainable beneficiaries.  Nath Decl. ¶ 6 (citing Wyo. Stat. Ann. § 4-10-410(a)).  Therefore, Bundy Management Purpose Trust is akin to an LLC with no members, which courts routinely hold are "stateless" entities that destroy complete diversity.  *See Grupo Cinemex*, 2025 WL 1224716, at *6 ("[B]ecause the citizenship of a limited liability company is the citizenship of its members at the time of filing, a company that has no members at that time is effectively

stateless . . . ." (quoting 13E Charles Alan Wright & Arthur R. Miller, *Federal Practice &*

*Procedure* § 3611 n.26 (3d ed. Apr. 2025)); *see also id*. (collecting cases).  Because Bundy

Management Purpose Trust has no beneficiaries, it is once more rendered stateless and

therefore does not fall within section 1332.[4]

Defendants recognize this endless loop and jurisdictional quandary and, in order to

avoid remand, ask the Court to simply construe Bundy Management LLC as a Wyoming

citizen because it is a "Wyoming limited liability company." Opp. at 5; *see also* Dkt. 1 ¶ 10.

That Bundy Management LLC is registered in Wyoming is, however, irrelevant to the

jurisdictional inquiry at hand.  The citizenship of an unincorporated business association such

as an LLC depends on the citizenship of its members, not its place of business or

incorporation.  *See Bayerische*, 692 F.3d at 49; *see also Grupo Cinemex*, 2025 WL 1224716,

at *7 (rejecting similar argument).  Nor is it relevant that the trusts in the downstream

structure of Bundy Management LLC are Wyoming trusts.  While Defendants argue that

noncharitable purpose trusts with this particular structure are authorized under Wyoming state

law, this authorization does not dictate the parameters of federal diversity jurisdiction.

Established precedent provides that the citizenship of traditional trusts, like the ones here, are

based on the citizenship of their trustees, not where the trusts were created or the states under

---

[4] Moreover, even if, contrary to Defendants' representations and the facts pleaded, the Court were to consider the citizenship of the Open Eagle Trust's beneficiaries, Defendants still have not adequately pleaded complete diversity.  Defendants have alleged only Nath's foreign citizenship, but not the citizenship of the Open Eagle Trust's three other beneficiaries: Nath's wife and two children.  Nath Decl. ¶ 4.  This is a significant omission because, if any one of the Open Eagle Trust's beneficiaries is a citizen of the United States, complete diversity is destroyed.  "United States citizens who are domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state, and § 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990); *accord Herrick*, 251 F.3d at 322.

which the trusts were authorized. *See, e.g.*, *Loubier*, 858 F. 3d at 722. By way of analogy, as

noted above, "federal courts have consistently held that even where states have authorized

LLCs to exist without any members under governing state law, those LLCs still remained

citizens of no state, defeating diversity jurisdiction." *Grupo Cinemex*, 2025 WL 1224716, at

*7 (citing *Lehman v. Davidson Hotel Co., LLC*, No. 15-cv-00319, 2015 WL 867799, at *3

(E.D. Mo. Feb. 27, 2015)). The same reasoning applies here: it is irrelevant to this Court's

jurisdictional analysis that Plaintiff is a Wyoming LLC or that Wyoming law blesses

noncharitable purpose trusts with this particular structure. Finally, Defendants' conclusory

assertion that "no member of Beacon or Bundy is a citizen of New York," Opp. at 5, is not

sufficient to establish complete diversity. *See Tutor Perini Bldg. Corp. v. N.Y.C. Reg'l Ctr.*

*LLC*, No. 20-cv-00731 (PAE), 2020 WL 7711629, at *2 (S.D.N.Y. Dec. 29, 2020) (holding

that "[plaintiff]'s blanket assertion that, to its knowledge, no defendant is a citizen of" the

state where plaintiff is a citizen is insufficient to allege complete diversity).

In sum, the downstream structure of Beacon Investment Holdings LLC renders it

stateless for purposes of diversity citizenship, thus destroying complete diversity. Remand for

lack of jurisdiction is therefore appropriate.

## II.    Attorney's Fees and Costs

Plaintiffs also seek statutorily authorized fees and costs under 28 U.S.C. § 1447,

asserting that "Defendants lacked an objectively reasonable basis for removal given their

failure to provide sufficient jurisdictional facts and the suspicious circumstances regarding

their counsel's role as organizer of Bundy Management LLC." Br. ¶ 24.

Section 1447(c) provides that "[a]n order remanding the case may require payment of

just costs and any actual expenses, including attorney fees, incurred as a result of the

removal." 28 U.S.C. § 1447(c). "Section 1447(c) does not create an automatic right to fees

and costs for a prevailing party or even a presumption that such fees and costs should be awarded when a motion to remand is granted." *Sokola v. Weinstein*, No. 20-cv-00925 (LJL), 2020 WL 3605578, at *18 (S.D.N.Y. July 2, 2020) (citing *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 137 (2005)). The statute "affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees." *Morgan Guar. Tr. Co. of N.Y. v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140. "In light of these 'large objectives,' the standard for awarding fees should turn on the reasonableness of the removal." *Id.* at 141 (citation omitted) (quoting *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 759 (1989)). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

Given that the Second Circuit has itself acknowledged that the "method for determining a trust's citizenship [is] long unsettled and the subject of much debate," *Loubier*, 858 F.3d at 725 (alteration in original), and the complexities surrounding the particular downstream ownership structure here, the Court declines to find that Defendants' removal warrants a grant of attorney's fees and costs. *See also Americold*, 577 U.S. at 383 (observing that party's "confusion regarding the citizenship of a trust is understandable and widely shared"). Nor is the Court persuaded by Plaintiffs' suggestion that defense counsel's involvement in organizing Bundy Management LLC was "suspicious." Br. ¶ 24. Defendants have clarified that their counsel served as organizer "for the limited purpose of filing Articles

11

of Organization for Bundy with the Wyoming Secretary of State," and "is not now and has

never been a member of Bundy."  Nath Decl. ¶ 5; *see also* Wyo. Stat. Ann. § 17-29-201(a)

("One (1) or more persons may act as organizers to form a limited liability company by

signing and delivering to the secretary of state for filing articles of organization.").

Accordingly, "[u]nder these circumstances, 'it cannot be said that Defendants' position

is so wholly frivolous or unreasonable as to warrant an award of costs and fees.'" *Pattern*

*Energy Grp. LP v. Perillo*, No. 25-cv-00785 (JLR), 2025 WL 1112848, at *7 (S.D.N.Y. Apr.

15, 2025) (quoting *PCVST Mezzco 4, LLC v. Wachovia Bank Com. Mortg. Tr. 2007-C30*, No.

14-cv-06023 (AJN), 2015 WL 153048, at *8 (S.D.N.Y. Jan. 12, 2015)).

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is GRANTED.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 7 and 11.

The action is REMANDED to the Supreme Court for New York County.

Dated:  April 30, 2025
        New York, New York

SO ORDERED.

*Jennifer Rochon*

JENNIFER L. ROCHON
United States District Judge

12